Argued and submitted October 8, affirmed
as modified December 10, 1979

WILHELMSEN,
*Appellant,*
*v.*
WILHELMSEN,
*Respondent.*

(No. 15,194-L, CA 13229)

603 P2d 1215

D. S. Denning, Jr., Ontario, argued the cause and filed the brief for appellant.

Max S. Taggart, II, Ontario, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

Wife appeals an order modifying a decree of divorce by reducing husband's child support liability.

The parties were divorced in Georgia in 1976. The custody of the two minor children was awarded to the wife and husband was ordered to pay $162.50 per month per child. Just prior to the time the decree was entered husband was earning a gross annual income of $21,000. He then changed jobs and his income was reduced. Husband presently earns $22,500 gross annual income. Shortly after the decree husband married a woman with two children by a previous marriage. Since their marriage they have had one child and are expecting another.

Husband testified that his religion requires him to tithe to the church, and he presently tithes a percentage of his annual income or approximately $225 per month. He has purchased a new automobile for which he pays $225 per month. His present wife receives $200 per month child support from her former husband.

Wife presently earns $640 net per month and pays $220 per month for child care while she works in addition to usual living expenses.

The trial court reduced the child support payment for each child to $125 per month. The court stated that husband had assumed the obligations of a new family and that although his income had increased slightly his real earnings had been reduced by inflation.

If we determine husband's ability to pay by applying an inflation factor to his income, the same inflationary factor should apply to the amount of money wife receives in support. The purchasing power of the support money is reduced in the same proportion that husband's income is reduced by inflation.

Husband argues that the court should recognize his strong religious beliefs and consider the amount he

pays to the church in determining his ability to pay child support. While husband cannot be faulted for his beliefs or the methods he uses in practicing his religion, if sacrifices must be made in order for him to meet the obligations of his belief, the children of his former marriage should not be required to suffer the consequences.

We conclude that the circumstances as to the children's needs and the husband's ability to pay, which have existed since entry of the decree, do not justify a reduction in the child support payments. Accordingly the order modifying the decree is reversed insofar as it reduced the child support payments to $125 per month per child.

Affirmed as modified. No costs to either party.